UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

CYNTHIA GILETTE, Individually and
Derivatively on behalf of nominal defendant
BLIMPIE OF CALIFORNIA, INC.,

            Plaintiff(s),

Case Number: 07 CIV 4697 (CLB)

vs.

**ANSWER**

JEFFREY ENDERVELT, BELLE ENDERVELT
and DORA RICCI,

            Defendants,

BLIMPIE OF CALIFORNIA, INC.,

            Nominal Defendant
----------------------------------------------------------------X

      The answering defendants, Jeffrey Endervelt, Belle Endevelt, Dora Ricci and Blimpie of California, Inc. ("BOC"), by and through their attorneys Jones Garneau, LLP, as and for their answer to the Plaintiff's complaint allege as follow:

      1.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "1" and respectfully refer questions of law to the Court.

      2.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "2" except admit Gillette is holder of fifteen (15%) percent of outstanding BOC stock.

      3.     Admit the allegations contained in paragraph numbered "3" of the complaint.

      4.     Admit the allegations contained in paragraph numbered "4" of the complaint.

      5.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "5" except admit Belle Endervelt is record owner of

eighty-five (85%) percent of outstanding BOC stock and respectfully refer questions of law to the Court.

6. Admit the allegations contained in paragraph numbered "6" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "7" and respectfully refer questions of law to the Court.

8. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "8" and respectfully refer questions of law to the Court.

9. Deny each and every allegation contained in paragraph "9" and respectfully refer questions of law to the Court.

10. Deny each and every allegation contained in paragraph "10" and respectfully refer questions of law to the Court.

11. Deny each and every allegation contained in paragraph "11".

12. Deny each and every allegation contained in paragraph "12".

13. Deny each and every allegation contained in paragraph "13" except admit that Jeffrey Endervelt has not yet repaid the loan or advance in full and that interest accrues on the remaining balance of the loan or advance.

14. Deny each and every allegation contained in paragraph "14".

15. Admit the allegations contained in paragraph numbered "15" of the complaint but deny Plaintiff ever objected to the loan or advance of which she had knowledge and which was in amount that was significantly less than $282,788.00.

16. Admit the allegations contained in paragraph numbered "16" of the complaint.

17. Admit the allegations contained in paragraph numbered "17" of the complaint and deny that any shareholder received dividends from BOC.

18. Deny each and every allegation contained in paragraph "18" except admit that Jeffrey Endervelt has not yet repaid the loan or advance in full and that interest accrues on the remaining balance of the loan or advance.

19. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "19" and respectfully refer questions of law to the Court.

20. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "20" and respectfully refer questions of law to the Court.

21. Deny each and every allegation contained in paragraph "21".

22. Deny each and every allegation contained in paragraph "22".

23. Deny each and every allegation contained in paragraph "23" except admit that Jeffrey Endervelt has not yet repaid the loan or advance and interest accrues on the loan or advance.

24. Deny each and every allegation contained in paragraph "24".

25. Admit the allegations contained in paragraph numbered "25" of the complaint but deny plaintiff ever objected to the loan or advance of which she had knowledge and which was significantly less than $335,988.00.

26. Admit the allegations contained in paragraph numbered "26" of the complaint.

27. Admit the allegations contained in paragraph numbered "27" of the complaint and deny that any shareholder received dividends from BOC.

28. Deny each and every allegation contained in paragraph "28" except admit that Jeffrey Endervelt has not yet repaid the loan or advance and that interest accrues on the remaining balance of the loan or advance.

29. Deny each and every allegation contained in paragraph "29" and respectfully refer questions of law to the Court.

30. Deny each and every allegation contained in paragraph "30" and respectfully refer questions of law to the Court.

31. Deny each and every allegation contained in paragraph "31".

32. Deny each and every allegation contained in paragraph "32".

33. Deny each and every allegation contained in paragraph "33".

34. Deny each and every allegation contained in paragraph "34".

35. Deny each and every allegation contained in paragraph "35".

36. Admit the allegations contained in paragraph numbered "36" of the complaint.

37. Admit the allegations contained in paragraph numbered "37" of the complaint and deny that any shareholder received dividends from BOC.

38. Deny each and every allegation contained in paragraph "38".

39. Deny each and every allegation contained in paragraph "39" and respectfully refer questions of law to the Court.

40. Deny each and every allegation contained in paragraph "40" and respectfully refer questions of law to the Court.

41. Deny each and every allegation contained in paragraph "41".

42. Deny each and every allegation contained in paragraph "42".

43. Deny each and every allegation contained in paragraph "43".

44. Deny each and every allegation contained in paragraph "44".

45. Deny each and every allegation contained in paragraph numbered "45".

46. Admit the allegations contained in paragraph numbered "46" of the complaint that BOC reported a net loss, but deny that there was a loan or advance from BOC to Jeffrey Endervelt in 2005.

47. Admit the allegations contained in paragraph numbered "47" of the complaint but deny that BOC paid any shareholder dividends.

48. Deny each and every allegation contained in paragraph "48".

49. Deny each and every allegation contained in paragraph "49" and respectfully refer questions of law to the Court.

50. Deny each and every allegation contained in paragraph "50" and respectfully refer questions of law to the Court.

51. Deny each and every allegation contained in paragraph "51".

52. Deny each and every allegation contained in paragraph "52".

53. Deny each and every allegation contained in paragraph "53".

54. Deny each and every allegation contained in paragraph "54".

55. Deny each and every allegation contained in paragraph "55".

56. Admit the allegations contained in paragraph numbered "56" of the complaint that BOC reported a net loss, but deny that there was a loan or advance from BOC to Jeffrey Endervelt in 2005.

57. Admit the allegations contained in paragraph numbered "57" of the complaint but deny that BOC paid any shareholder dividends.

58. Deny each and every allegation contained in paragraph "58".

59. Deny each and every allegation contained in paragraph "59".

60. Deny each and every allegation contained in paragraph "60".

61. Deny each and every allegation contained in paragraph "61".

62. Deny each and every allegation contained in paragraph "62".

63. Deny each and every allegation contained in paragraph "63".

64. Admit the allegations contained in paragraph numbered "64" of the complaint.

65. Deny each and every allegation contained in paragraph "65" and respectfully refer questions of law to the Court.

66. Deny each and every allegation contained in paragraph numbered "66" of the complaint except admit that Gillette delivered a letter requesting information, and respectfully refer questions of law to the Court.

67. Deny each and every allegation contained in paragraph "67".

68. Deny each and every allegation contained in paragraph "68".

69. Deny each and every allegation contained in paragraph "69".

70. Admit the allegations contained in paragraph numbered "70" of the complaint.

71. Admit the allegations contained in paragraph numbered "71" of the complaint.

72. Admit the allegations contained in paragraph numbered "72" of the complaint and that Jeffrey Endervelt, as attorney-in-fact for Belle Endervelt, was present.

73. Deny each and every allegation contained in paragraph "73".

74. Admit the allegations contained in paragraph numbered "74" of the complaint and that Jeffrey Endervelt, as attorney-in-fact for Belle Endervelt, was present and had authority to act on her behalf.

75. Deny each and every allegation in paragraph "75".

76. Admit the allegations contained in paragraph numbered "76" of the complaint.

77. Admit the allegations contained in paragraph numbered "77" of the complaint.

78. Admit the allegations contained in paragraph numbered "78" of the complaint and that Jeffrey Endervelt, as attorney-in-fact for Belle Endervelt, was present.

79. Deny each and every allegation contained in paragraph "79".

80. Admit the allegations contained in paragraph numbered "80" of the complaint and that Jeffrey Endervelt, as attorney-in-fact for Belle Endervelt, was present and had authority to act on her behalf.

81. Deny each and every allegation in paragraph "81".

82. Admit the allegations contained in paragraph numbered "82" of the complaint.

83. Admit the allegations contained in paragraph numbered "83" of the complaint.

84. Admit the allegations contained in paragraph numbered "84" of the complaint.

85. Admit the allegations contained in paragraph numbered "85" of the complaint but deny BOC had income in 2005 or paid dividends to any shareholder that year.

86. Admit the allegations contained in paragraph numbered "86" of the complaint.

87. Admit the allegations contained in paragraph numbered "87" of the complaint.

88. Admit the allegations contained in paragraph numbered "88" of the complaint.

89. Deny each and every allegation contained in paragraph "89".

90. Admit the allegations contained in paragraph numbered "90" of the complaint but deny BOC had income in 2006 and that it paid dividends to any shareholder that year.

91. Admit the allegations contained in paragraph numbered "91" of the complaint.

92. Admit the allegations contained in paragraph numbered "92" of the complaint.

93. Admit the allegations contained in paragraph numbered "93" of the complaint.

94. Admit the allegations contained in paragraph numbered "94" of the complaint but deny 2007 fiscal year had ended at time of vote, at time of filing of the complaint or that BOC

has had or will not report a loss in 2007 or that it will pay dividends to any shareholder for that year.

95.  Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "95" and respectfully refer questions of law to the Court.

96.  Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "96" and respectfully refer questions of law to the Court.

97.  Deny each and every allegation contained in paragraph "97" except admit plaintiff was a fifteen (15%) percent stockholder of BOC.

98.  Admit membership of Board but deny all other allegations and respectfully refer questions of law to the Court.

99.  Deny each and every allegation contained in paragraph "99".

100.  Admit the allegations contained in paragraph numbered "100" of the complaint.

101.  Defendants repeat and reiterate each and every allegation contained in the foregoing paragraphs of this Answer with the same force and effect as if hereinafter set forth at length.

102.  Admit the allegations contained in paragraph numbered "102" of the complaint.

103.  Admit the allegations contained in paragraph numbered "103" of the complaint.

104.  Deny each and every allegation contained in paragraph "104".

105.  Deny each and every allegation contained in paragraph "105".

106.  Deny each and every allegation contained in paragraph "106" and respectfully refer questions of law to the Court.

107.  Deny each and every allegation contained in paragraph "107".

108. Deny each and every allegation contained in paragraph "108" and respectfully refer questions of law to the Court.

109. Deny each and every allegation contained in paragraph "109" and respectfully refer questions of law to the Court.

110. Deny each and every allegation contained in paragraph "110" and respectfully refers questions of law to the Court.

111. Admit the allegations contained in paragraph numbered "111" of the complaint.

112. Deny each and every allegation contained in paragraph "112".

113. Admit the allegations contained in paragraph numbered "113" of the complaint.

114. Deny each and every allegation contained in paragraph "114".

115. Deny each and every allegation contained in paragraph "115".

116. Deny each and every allegation contained in paragraph "116".

117. Deny each and every allegation contained in paragraph "117".

118. Deny each and every allegation contained in paragraph "118".

119. Deny each and every allegation contained in paragraph "119".

120. Deny each and every allegation contained in paragraph "120" and respectfully refer questions of law to the Court.

121. Deny each and every allegation contained in paragraph "121".

122. Deny each and every allegation contained in paragraph "122".

123. Defendants repeat and reiterate each and every allegation contained in the foregoing paragraphs of this Answer with the same force and effect as if hereinafter set forth at length.

124. Deny each and every allegation contained in paragraph "124" as it is nonsensical and respectfully refer questions of law to the Court.

125. Deny each and every allegation contained in paragraph "125".

126. Defendants repeat and reiterate each and every allegation contained in the foregoing paragraphs of this Answer with the same force and effect as if hereinafter set forth at length.

127. Deny each and every allegation contained in paragraph "127".

128. Deny each and every allegation contained in paragraph "128".

129. Defendants repeat and reiterate each and every allegation contained in the foregoing paragraphs of this Answer with the same force and effect as if hereinafter set forth at length.

130. Deny each and every allegation contained in paragraph "130".

131. Deny each and every allegation contained in paragraph "131".

132. Admit the allegations contained in paragraph numbered "132" of the complaint.

133. Deny each and every allegation contained in paragraph "133".

134. Deny each and every allegation contained in paragraph "134".

135. Deny each and every allegation contained in paragraph "135".

136. Deny each and every allegation contained in paragraph "136".

### FIRST AFFIRMATIVE DEFENSE

137. Plaintiff's claims fail to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

138. Plaintiff's claims are barred by the doctrine of equitable estoppel.

### THIRD AFFIRMATIVE DEFENSE

139. Plaintiff's claims are barred by the doctrine of unclean hands.

FOURTH AFFIRMATIVE DEFENSE

140. Plaintiff's claims are barred by the statute of limitations.

FIFTH AFFIRMATIVE DEFENSE

141. Plaintiff's claims are barred by the equitable doctrine of laches.

SIXTH AFFIRMATIVE DEFENSE

142. Plaintiff's factual allegations are unsupportable under and subject to FRCP Rule 11.

SEVENTH AFFIRMATIVE DEFENSE

143. This court lacks subject matter jurisdiction as the amount in controversy is less than the jurisdictional limit.

WHEREFORE, these answering defendants demand judgment:

(1) dismissing the Complaint;

(2) awarding, costs, attorneys' fees and sanctions; and

(3) for such other and further relief as the Court deems reasonable and appropriate.

Dated: Scarsdale, New York
August 1, 2007

Yours, etc.,

_____
Steven T. Sledzik, Esq.
Jones Garneau, LLP
Attorneys for Defendant
670 White Plains Road, Penthouse
Scarsdale, NY 10583
(914) 472-2300

TO:   Kevin Fritz, Esq.
      Storch, Amini and Munves, PC
      Attorneys for Plaintiff
      Two Grand Central Tower, 25th Floor
      New York, NY 10017