STORCH AMINI & MUNVES PC
Two Grand Central Tower, 25th Floor
140 East 45th Street
New York, NY 10017
Bijan Amini (BA-3533)
Kevin Fritz (KF-6788)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CYNTHIA S. GILLETTE, individually and
derivatively on behalf of nominal defendant
BLIMPIE OF CALIFORNIA, INC.,

           Plaintiff,

         v.

JEFFREY ENDERVELT, BELLE
ENDERVELT and DORA RICCI,

           Defendants,

     and

BLIMPIE OF CALIFORNIA, INC.,

           Nominal Defendant.
-----------------------------------------------------------x



JUDGE SWEET

07 Civ. 4697

**COMPLAINT**

Plaintiff Cynthia S. Gillette ("Gillette"), individually and derivatively on behalf of nominal defendant Blimpie of California, Inc. ("BOC") ("Plaintiff"), by her attorney, Storch Amini & Munves PC, as and for her complaint against defendants Jeffrey Endervelt, Belle Endervelt, and Dora Ricci (collectively, the "Individual Defendants") hereby alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action individually to recover damages that she has incurred as a result of the Individual Defendants' breach of fiduciary duties, and derivatively on behalf of BOC pursuant to section 316 California Corporation Code.

## PARTIES, JURISDICTION AND VENUE

2. Gillette resides at 55 South Valle Drive, Suite 235-191, Henderson, Nevada 89012 and is a citizen of Nevada. Gillette is, and at all times mentioned herein was, the record holder of at least 15% of the outstanding shares of BOC stock.

3. Nominal defendant BOC is a California corporation that is a sub-franchisor of Blimpie International, Inc. BOC's franchises are engaged in the primary business of selling submarine sandwiches, salads, baked pasta meals, and other food items in California.

4. Jeffrey Endervelt is a resident and citizen of New York. Jeffrey Endervelt is the Chairman of the Board of Directors and President of BOC. Jeffrey Endervelt is not a shareholder of BOC.

5. Belle Endervelt is a resident and citizen of New Jersey. Belle Endervelt is, and, upon information and belief, at all times mentioned herein was, the record holder of as much as 85% of the outstanding shares of BOC stock. Under N.Y. C.P.L.R. 302, Belle Endervelt is subject to the personal jurisdiction of this Court based upon torts committed in New York.

6. Dora Ricci is a resident and citizen of New York. Dora Ricci is a director as well as the Treasurer and Secretary of BOC.

7. The Court has jurisdiction pursuant to 28 U.S.C. § 1332 since the matter is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since a substantial part of the events giving rise to the claims occurred herein and, alternatively, Jeffrey Endervelt is subject to personal jurisdiction herein.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

A.      **Jeffrey Endervelt Improperly Approved of Loans to Himself**

The 2002 Loan

9.      In 2002, BOC loaned $282,788.00 to Jeffrey Endervelt, a director and officer of the corporation (the "2002 Loan"), without proper approval from a majority of the shareholders entitled to act thereon, in violation of section 315 of the California Corporations Code.

10.     Jeffrey Endervelt, as director, approved the 2002 Loan, in violation of section 316 of the California Corporations Code.

11.     There was no corporate purpose for BOC to lend Jeffrey Endervelt any sums, and the 2002 Loan was used only to disguise income to Jeffrey Endervelt while not paying Gillette any dividends or other income from BOC.

12.     Upon information and belief, the 2002 Loan was interest-free.

13.     Upon information and belief, Jeffrey Endervelt has neither repaid the 2002 Loan nor paid taxes on the income he received thereby.

14.     Gillette did not receive notice of any shareholder meeting or vote concerning the approval of the 2002 Loan, in violation of section 601(a) of the California Corporations Code and section 2.09 of BOC's bylaws.

15.     Gillette did not consent to the 2002 Loan.

16.     For the financial year ending December 31, 2002, BOC reported a net income of $59,939.00.

3

17. BOC did not pay any dividends to Gillette in 2002.

18. Upon information and belief, Endervelt has not repaid the 2002 Loan.

The 2003 Loan

19. In 2003, BOC loaned $335,988.00 to Jeffrey Endervelt, a director and officer of the corporation (the "2003 Loan"), without proper approval from a majority of the shareholders entitled to act thereon, in violation of section 315 of the California Corporations Code.

20. Jeffrey Endervelt, as director, approved the 2003 Loan, in violation of section 316 of the California Corporations Code.

21. There was no corporate purpose for BOC to lend Jeffrey Endervelt any sums, and the 2003 Loan was used only to disguise income to Jeffrey Endervelt while not paying Gillette any dividends or other income from BOC.

22. Upon information and belief, the 2003 Loan was interest-free.

23. Upon information and belief, Jeffrey Endervelt has neither repaid the 2003 Loan nor paid taxes on the income he received thereby.

24. Gillette did not receive notice of any shareholder meeting or vote concerning the approval of the 2003 Loan, in violation of section 601(a) of the California Corporations Code and section 2.09 of BOC's bylaws.

25. Gillette did not consent to the 2003 Loan.

26. For the financial year ending December 31, 2003, BOC reported a net income of $195,590.00.

27. BOC did not pay any dividends to Gillette in 2003.

28. Upon information and belief, Endervelt has not repaid the 2003 Loan.

The 2004 Loan

29.     In 2004, BOC loaned $378,795.00 to Jeffrey Endervelt, a director and officer of the corporation (the "2004 Loan"), without proper approval from a majority of the shareholders entitled to act thereon, in violation of section 315 of the California Corporations Code.

30.     Jeffrey Endervelt, as director, approved the 2004 Loan, in violation of section 316 of the California Corporations Code.

31.     There was no corporate purpose for BOC to lend Jeffrey Endervelt any sums, and the 2004 Loan was used only to disguise income to Jeffrey Endervelt while not paying Gillette any dividends or other income from BOC.

32.     Upon information and belief, the 2004 Loan was interest-free.

33.     Upon information and belief, Jeffrey Endervelt has neither repaid the 2004 Loan nor paid taxes on the income he received thereby.

34.     Gillette did not receive notice of any shareholder meeting or vote concerning the approval of the 2004 Loan, in violation of section 601(a) of the California Corporations Code and section 2.09 of BOC's bylaws.

35.     Gillette did not consent to the 2004 Loan.

36.     For the financial year ending December 31, 2004, BOC reported a net income of $150,685.00.

37.     BOC did not pay any dividends to Gillette in 2004.

38.     Upon information and belief, Endervelt has not repaid the 2004 Loan.

The 2005 Loan

39. In 2005, BOC loaned $382,794.00 to Jeffrey Endervelt, a director and officer of the corporation (the "2005 Loan"), without proper approval from a majority of the shareholders entitled to act thereon, in violation of section 315 of the California Corporations Code.

40. Jeffrey Endervelt, as director, approved the 2005 Loan, in violation of section 316 of the California Corporations Code.

41. There was no corporate purpose for BOC to lend Jeffrey Endervelt any sums, and the 2005 Loan was used only to disguise income to Jeffrey Endervelt while not paying Gillette any dividends or other income from BOC.

42. Upon information and belief, the 2005 Loan was interest-free.

43. Upon information and belief, Jeffrey Endervelt has neither repaid the 2005 Loan nor paid taxes on the income he received thereby.

44. Gillette did not receive notice of any shareholder meeting or vote concerning the approval of the 2005 Loan, in violation of section 601(a) of the California Corporations Code and section 2.09 of BOC's bylaws.

45. Gillette did not consent to the 2005 Loan.

46. For the financial year ending December 31, 2005, BOC reported a net loss of $147,860.00, which is less than the amount of the 2005 Loan.

47. BOC did not pay any dividends to Gillette in 2005.

48. Upon information and belief, Endervelt has not repaid the 2005 Loan.

The 2006 Loan

49. In 2006, BOC loaned $310,295.00 to Jeffrey Endervelt, a director and officer of the corporation (the "2006 Loan") (collectively with the 2002 Loan, the 2003 Loan, the 2004

6

Loan, and the 2005 Loan, the "BOC Loans"), without proper approval from a majority of the shareholders entitled to act thereon, in violation of section 315 of the California Corporations Code.

50.     Jeffrey Endervelt, as director, approved the 2006 Loan, in violation of section 316 of the California Corporations Code.

51.     There was no corporate purpose for BOC to lend Jeffrey Endervelt any sums, and the 2006 Loan was used only to disguise income to Jeffrey Endervelt while not paying Gillette any dividends or other income from BOC.

52.     Upon information and belief, the 2006 Loan was interest-free.

53.     Upon information and belief, Jeffrey Endervelt has neither repaid the 2006 Loan nor paid taxes on the income he received thereby.

54.     Gillette did not receive notice of any shareholder meeting or vote concerning the approval of the 2006 Loan, in violation of section 601(a) of the California Corporations Code and section 2.09 of BOC's bylaws.

55.     Gillette did not consent to the 2006 Loan.

56.     For the financial year ending December 31, 2006, BOC reported a net loss of $137,692.00, which is less than the amount of the 2006 Loan.

57.     BOC did not pay any dividends to Gillette in 2006.

58.     Upon information and belief, Endervelt has not repaid the 2006 Loan.

59.     The BOC Loans total $1,690,660.00.

Other Loans

60.     Upon information and belief, Jeffrey Endervelt, as director, has approved other loans from BOC to himself prior to 2002.

61. There was no corporate purpose for BOC to lend Jeffrey Endervelt any sums, and these loans were used only to disguise income to Jeffrey Endervelt while not paying Gillette any dividends or other income from BOC.

62. Gillette did not receive notice of any shareholder meeting or vote concerning the approval of any loans from BOC to Jeffrey Endervelt prior to 2002, in violation of section 601(a) of the California Corporations Code and section 2.09 of BOC's bylaws.

63. Gillette did not consent to any loans from BOC to Jeffrey Endervelt prior to 2002.

**B.    Belle Endervelt Improperly Approved the BOC Loans to Jeffrey Endervelt**

64. Belle Endervelt is the mother of Jeffrey Endervelt.

65. Belle Endervelt, as the majority and controlling shareholder, approved the BOC Loans to Jeffrey Endervelt without a proper vote in violation of the California Corporations Code and with the same improper purpose as set forth above.

**C.    Failure to Make Books and Records Available for Inspection and Duplication**

66. In January 2007, pursuant to section 1600(a) of the California Corporations Code, Gillette delivered a letter to BOC requesting that the following books and records be made available to her and her agents for inspection and duplication on a mutually convenient date:

>   all shareholder agreements;
>   bylaws;
>   all minutes of shareholder meetings;
>   all minutes of board meetings;
>   all board resolutions;
>   all minutes of committees of the board meetings;
>   all tax returns for the previous ten (10) years;
>   all general ledgers for the previous ten (10) years;
>   all financial statements for the previous ten (10) years;
>   all profit and loss statements for the previous ten (10) years;
>   all cash disbursements for the previous ten (10) years;
>   all documents concerning the payment of dividends; and
>   all documents concerning the determination or calculation of dividends to be paid.

67. Jeffrey Endervelt, as custodian of BOC's books and records, advised Gillette that BOC would not make available, and caused BOC not to make available, documents concerning BOC's general ledgers, financial statements for years prior to 2002, profit and loss statements, and cash disbursements. As a result, BOC has not made such documents available to Gillette.

68. Jeffrey Endervelt, as custodian of BOC's books and records, caused BOC not to make shareholder agreements available to Gillette. As a result, BOC has not made such documents available to Gillette.

69. Jeffrey Endervelt, as custodian of BOC's books and records, caused BOC not to make available to Gillette any documents concerning advances to BOC officers, including those to Endervelt. As a result, BOC has not made such documents available to Gillette.

**D.    Falsification of Minutes to Nominate Directors**

70. The minutes of the June 2, 2006 meeting of BOC's stockholders (the "June 2006 BOC Stockholder Meeting Minutes") provides that a quorum thereof were present thereat.

71. According to the June 2006 BOC Stockholder Meeting Minutes, Jeffrey Endervelt and Dora Ricci were elected as directors by the majority stockholder.

72. Upon information and belief, Belle Endervelt, the majority stockholder, was not present at the June 2, 2006 meeting of BOC's stockholders.

73. The June 2006 BOC Stockholder Meeting Minutes is signed by Jeffrey Endervelt and Dora Ricci, as stockholders.

74. Jeffrey Endervelt and Dora Ricci were not stockholders of BOC in June 2006.

75. Gillette did not receive notice of the June 2, 2006 BOC stockholder meeting, in violation of section 601(a) of the California Corporations Code.

76. The minutes of the February 13, 2007 meeting of BOC's stockholders (the "February 2007 BOC Stockholder Meeting Minutes") provides that a quorum thereof were present thereat.

77. According to the February 2007 BOC Stockholder Meeting Minutes, Jeffrey Endervelt and Dora Ricci were elected as directors by the majority stockholder.

78. Upon information and belief, Belle Endervelt, the majority stockholder, was not present at the February 13, 2007 meeting of BOC's stockholders.

79. The February 2007 BOC Stockholder Meeting Minutes is signed by Jeffrey Endervelt and Dora Ricci, as stockholders.

80. Jeffrey Endervelt and Dora Ricci were not stockholders of BOC in February 2007.

81. Gillette did not receive notice of the February 13, 2007 BOC stockholder meeting, in violation of section 601(a) of the California Corporations Code.

E.   **Improper Payment of Bonuses and Compensation to Jeffrey Endervelt**

82. Jeffrey Endervelt was the only BOC Board of Director present at the June 24, 2005 meeting of BOC's Board of Directors (the "June 2005 Board Meeting").

83. At the June 2005 Board Meeting, Jeffrey Endervelt resolved and voted that BOC reimburse himself for any and all medical expenses that he may incur that are not covered by his medical insurance policies.

84. Jeffrey Endervelt cast the only vote authorizing the reimbursement of any and all medical expenses that he may incur that are not covered by his medical insurance policies.

85. BOC did not pay any dividends to Gillette in 2005.

86. Jeffrey Endervelt and Dora Ricci were the only BOC Board of Directors present at the June 2, 2006 meeting of BOC's Board of Directors (the "June 2006 Board Meeting").

87. At the June 2006 Board Meeting, the BOC Board of Directors resolved and voted that BOC pay Jeffrey Endervelt a bonus of $10,000.00 for his services in 2005 and to reimburse him for any and all medical expenses that he may incur that are not covered by his medical insurance policies.

88. Jeffrey Endervelt did not participate in the vote to pay himself a bonus of $10,000.00 and to reimburse him for any and all medical expenses that he may incur that are not covered by his medical insurance policies. Dora Ricci cast the only vote authorizing the payment of a $10,000.00 bonus to Jeffrey Endervelt and to reimburse him for any and all medical expenses that he may incur that are not covered by his medical insurance policies.

89. Dora Ricci is employed by Jeffrey Endervelt, has no purely independent vote on BOC's Board of Directors, and only does what Jeffrey Endervelt instructs her to do.

90. BOC did not pay any dividends to Gillette in 2006.

91. Jeffrey Endervelt and Dora Ricci were the only BOC Board of Directors present at the February 13, 2007 meeting of BOC's Board of Directors (the "February 2007 Board Meeting").

92. At the February 2007 Board Meeting, the BOC Board of Directors resolved and voted that BOC pay Jeffrey Endervelt a bonus of $50,000.00 for his services in 2006.

93. Jeffrey Endervelt did not participate in the vote to pay himself a bonus of $50,000.00. Dora Ricci cast the only vote authorizing the payment of a $50,000.00 bonus to Jeffrey Endervelt.

94. BOC did not pay any dividends to Gillette in 2007.

11

## DERIVATIVE AND DEMAND FUTILITY ALLEGATIONS

95. Plaintiff brings this action derivatively in the right and for the benefit of BOC to redress injuries suffered by BOC as a direct result of the breaches of fiduciary duty, abuse of control, waste of corporate assets, and unjust enrichment by the Individual Defendants. BOC is named as a nominal defendant solely in a derivative capacity.

96. Plaintiff will adequately and fairly represent the interests of BOC and its shareholders in enforcing and prosecuting its rights.

97. Plaintiff is and was an owner of the stock of BOC during times relevant to the Individual Defendants' wrongful course of conduct alleged herein, and remains a stockholder of BOC.

98. The current Board of Directors of BOC consists of the following individuals: Jeffrey Endervelt and Dora Ricci. Plaintiff has not made any demand on the present Board of Directors of BOC to institute this action because such a demand would be a futile, wasteful and useless act, particularly for the following reasons:

   (a) Jeffrey Endervelt, a director, was the recipient of the BOC Loans, which equal $1,690,660.00 and which have not been re-paid. Thus, Jeffrey Endervelt directly benefited from the wrong doing alleged herein;

   (b) If the BOC Loans were approved by a majority of BOC's stockholders, then the BOC were approved by Belle Endervelt, Jeffrey Endervelt's mother, for the benefit of Jeffrey Endervelt, a director.

   (c) Jeffrey Endervelt, a director, made false entries in BOC stockholder meeting minutes;

12

(d) Jeffrey Endervelt, a director, caused BOC to fail to make its books and records available to Gillette;

(e) Dora Ricci, a director, made false entries in BOC stockholder meeting minutes;

(f) Dora Ricci, a director, improperly approved compensation to Jeffrey Endervelt even though no dividends were paid to Gillette;

(g) In order to bring this suit, all of the directors of BOC would be forced to sue themselves and the mother of a director, which they will not do, thereby excusing demand;

(h) The acts complained of constitute violations of the fiduciary duties owed by BOC's directors.

(i) Any suit by the current directors of BOC to remedy these wrongs would likely expose Jeffrey Endervelt's failure to pay taxes on income, disguised as the BOC Loans, received from BOC.

(j) Any suit by the current directors of BOC to remedy these wrongs would likely expose the Individual Defendants and BOC to further liability for violations of corporate law, which would result in civil actions being filed against one or more of the Individual Defendants. Thus, the BOC directors are conflicted in making any supposed determination whether to due themselves.

(k) BOC has been and will continue to be exposed to significant losses due to the wrongdoing complained of herein, yet the Individual Defendants and current directors have not filed any lawsuits against themselves or others who were

responsible for that wrongful conduct to attempt to recover for BOC any part of the damages that BOC has suffered and will suffer thereby;

99. Despite the directors' knowledge of the claims and causes of action raised by Plaintiff, the directors have failed and refused to seek to recover for BOC for any of the wrongdoing alleged by Plaintiff herein.

100. A true and correct copy of this Complaint was delivered to BOC prior to its filing with this Court.

## FIRST CLAIM FOR RELIEF

**(Breach of Fiduciary Duty against all Individual Defendants, Derivatively and Directly)**

101. Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

102. As Chairman of the Board of Directors and President of BOC, Jeffrey Endervelt owed strict fiduciary duties to BOC, its directors, its officers, and its shareholders to act in good faith, in a manner the director and officer believes in the best interest of BOC and its shareholders, and with such care as an ordinary prudent person in a like position would use under similar circumstances.

103. Gillette is a shareholder of BOC.

104. Jeffrey Endervelt breached his fiduciary duties to Gillette and BOC by approving the BOC Loans to himself, totaling $1,690,660.00, without the BOC Loans being properly approved by a majority of BOC's shareholders.

105. Jeffrey Endervelt has obtained $1,690,660.00 from BOC and has utilized his position as Chairman of the Board of Directors and President to cause BOC not to pay any dividends to Gillette.

106. Jeffrey Endervelt's conduct regarding the BOC Loans violated of section 315 of the California Corporations Code.

107. Jeffrey Endervelt breached his fiduciary duties to Gillette and BOC by authorizing the reimbursement of any and all medical expenses that he may incur that are not covered by his medical insurance policies, even though Gillette has never been paid any dividends.

108. Jeffrey Endervelt breached his fiduciary duties to Gillette and BOC by making false entries in the June 2006 BOC Stockholder Meeting Minutes and with knowledge of such falsity, in violation of section 1507 of the California Corporations Code.

109. Jeffrey Endervelt breached his fiduciary duties to Gillette and BOC by making false entries in the February 2007 BOC Stockholder Meeting Minutes and with knowledge of such falsity, in violation of section 1507 of the California Corporations Code.

110. Jeffrey Endervelt breached his fiduciary duties to Gillette by causing BOC to not make certain books and records, specified above, available to Gillette for inspection and duplication, in violation of section 1601 of the California Corporations Code and section 5.03 of BOC's bylaws.

111. As the controlling shareholder of BOC, Belle Endervelt owed strict fiduciary duties to BOC and its minority shareholder to act in good faith, in a manner the controlling shareholder believes is in the best interest of BOC and its minority shareholder, and to ensure the inherent fairness, from the viewpoint of BOC and those interested in it, of the transactions that she approves.

112. Belle Endervelt breached her fiduciary duties to Gillette and BOC by improperly approving the BOC Loans.

113.  As a member of the Board of Directors, Treasurer, and Secretary of BOC, Dora Ricci owed strict fiduciary duties to BOC, its directors, its officers, and its shareholders to act in good faith, in a manner the director and officer believes in the best interest of BOC and its shareholders, and with such care as an ordinary prudent person in a like position would use under similar circumstances.

114.  Dora Ricci breached her fiduciary duties to Gillette and BOC by making false entries in the June 2006 BOC Stockholder Meeting Minutes and with knowledge of such falsity, in violation of section 1507 of the California Corporations Code.

115.  Dora Ricci breached her fiduciary duties to Gillette and BOC by making false entries in the February 2007 BOC Stockholder Meeting Minutes and with knowledge of such falsity, in violation of section 1507 of the California Corporations Code.

116.  Dora Ricci breached her fiduciary duties to Gillette and BOC by authorizing the payment of a $10,000.00 to Jeffrey Endervelt for his services in 2005 and the reimbursement of any and all medical expenses that he may incur that are not covered by his medical insurance policies, even though Gillette was not paid any dividends in 2005.

117.  Dora Ricci breached her fiduciary duties to Gillette and BOC by authorizing the payment of a $50,000.00 to Jeffrey Endervelt for his services in 2006, even though Gillette was not paid any dividends in 2006.

118.  The Individual Defendants could not rationally believe that such business judgment was in the best interests of BOC.

119.  The Individual Defendants' conduct was willful, wanton, and intentional, and constituted a gross abuse of their positions as fiduciaries to Gillette and BOC.

120. The Individual Defendants' conduct is putting BOC at risk by failing to pay taxes or withholding taxes on BOC's income, which has been disguised as the BOC Loans.

121. The Individual Defendants acted with malice and oppression by engaging in the conduct alleged herein and with the intent to vex, injure or annoy, or with a conscious disregard of Plaintiff's rights.

122. As a result of these breach, Plaintiff has suffered damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

### (Abuse of Control against All Individual Defendants, Derivatively and Directly)

123. Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

124. The Individual Defendants' misconduct alleged herein constituted an abuse of their control BOC, for which they are legally responsible.

125. As a direct and proximate result of the Individual Defendants' abuse of control, Plaintiff has sustained significant damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

### (Gross Mismanagement against All Individual Defendants, Derivatively and Directly)

126. Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

127. By their actions alleged herein, the Individual Defendants, either directly or through aiding and abetting, abandoned and abdicated their responsibilities and fiduciary duties with regard to prudently managing the assets and business of BOC in a manner consistent with the operations of a closely held corporation.

128. As a direct and proximate result of the Individual Defendants' gross mismanagement, Plaintiff has sustained significant damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### (Unjust Enrichment against Jeffrey Endervelt, Derivatively and Directly)

129. Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

130. Jeffrey Endervelt intentionally and wrongfully acquired BOC's profits, disguised as the BOC Loans, for his own economic benefit.

131. The BOC Loans are the profits of BOC, in which Gillette has an interest.

132. Jeffrey Endervelt is not entitled to BOC's profits.

133. Jeffrey Endervelt has wrongfully retained BOC's profits.

134. Jeffrey Endervelt caused BOC to not pay dividends to Gillette since BOC's profits had been obtained by him.

135. Jeffrey Endervelt unjust benefited from his position as Chairman of the Board of Directors and President of BOC.

136. Jeffrey Endervelt should be disgorged of any benefits which he has unjustly obtained.

WHEREFORE, Plaintiff respectfully request that the Court enter judgment:

(1) against the Individual Defendants in an amount to be determined at trial, together with interest;

(2) imposing a constructive trust on or otherwise restricting the proceeds of BOC so as to assure that Gillette has an effective remedy;

(3)  awarding Gillette the payment of dividends;

(4)  awarding Plaintiff punitive damages pursuant to section 3294 of the California Civil Code;

(5)  awarding Plaintiff the costs and disbursements of the action, including attorneys' fees; and

(6)  granting such other relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       June 1, 2007

By: _____
Bijan Amini (BA-3533)
Kevin Fritz (KF-6788)
Storch Amini & Munves PC
Two Grand Central Tower, 25th Floor
140 East 45th Street
New York, NY 10017
Tel. (212) 490-4100
Fax (212) 490-4208

STORCH AMINI & MUNVES PC
Two Grand Central Tower, 25th Floor
140 East 45th Street
New York, NY 10017
Bijan Amini (BA-3533)
Kevin Fritz (KF-6788)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CYNTHIA S. GILLETTE, individually and
derivatively on behalf of nominal defendant
BLIMPIE OF CALIFORNIA, INC.,

              Plaintiff,

      v.

JEFFREY ENDERVELT, BELLE
ENDERVELT and DORA RICCI,

             Defendants,

             and

BLIMPIE OF CALIFORNIA, INC.,

             Nominal Defendant.
-----------------------------------------------------------x

07 Civ. _____ (___)

**STATEMENT PURSUANT
TO FED. R. CIV. P. 7.1**

      Pursuant to rule 7.1 of the Federal Rules of Civil Procedure, to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for plaintiff Cynthia S. Gillette, derivatively on behalf of nominal defendant Blimpie of California, Inc. ("BOC") certifies that BOC has no corporate parent and no publicly held corporation owns more than 10% or more of BOC's stock.

DATE: June 4, 2007

                                                            _____
                                                            Kevin Fritz (KF-6788)