UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CYNTHIA GILETTE, Individually and
Derivatively on behalf of nominal defendant
BLIMPIE OF CALIFORNIA, INC.,

                      Case Number: 07 CIV 4697 (CLB)

                Plaintiff(s),

                vs.

JEFFREY ENDERVELT, BELLE ENDERVELT
and DORA RICCI,

                Defendants,

BLIMPIE OF CALIFORNIA, INC.,

                Nominal Defendant
------------------------------------------------------------X

## MEMORANDUM OF LAW

## IN SUPPORT OF DEFENDANTS' MOTION FOR A BOND

## UNDER CALIFORNIA CORPORATION LAW SECTION 800

Jones Garneau, LLP
Attorneys for Defendant
670 White Plains Road, Penthouse
Scarsdale, NY 10583

1

## STATEMENT OF FACTS

For the sake of brevity, the relevant facts are set forth in the accompanying Affidavit of Jeffrey Endervelt and the Declaration of Steven T. Sledzik, Esq., they will not be repeated herein.

## POINT I

### UNDER CALIFORNIA CORPORATION LAW SECTION 800, et seq., DEFENDANTS ARE ENTITLED TO A BOND AS THERE IS NO REASONABLE PROBABILITY THAT THIS ACTION WILL BENEFIT THE CORPORATION

California Corporation Law Section 800, et seq., governs the prosecution of shareholder derivative actions involving California Corporations, such as Blimpie of California, Inc. ("BOC"), a California corporation that is a Defendant in the instant action. The instant action is brought, by Plaintiff, a shareholder of BOC against it and other, as among other things, a shareholder derivative action. Plaintiff has named Jeffrey Endervelt and Dora Ricci, two of BOC's Directors, and Belle Endervelt, the eighty-five per cent shareholder. Plaintiff is the fifteen per cent shareholder of BOC.

Under California Corporation Law Section 800, a defendant who is an officer or director of the corporate defendant in a shareholder derivative suit may move the Court for an order requiring the plaintiff to post a bond when "there is no reasonable possibility that the prosecution of the cause of action alleged in the complaint against the moving party will benefit the corporation or its shareholders." California Corporation Law Section 800(c)(1) see also, Ensher v. Ensher, 9 Cal Rptr. 732, 187 C.A.2d 407 (Cal. App. 1961)(determination on security for expenses is not a determination of the merits of any issue in the action).

If the court determines that the moving party has established the probability in support of the grounds upon which the motion is based, the court shall fix the amount of the bond, not to exceed $50,000, to be furnished by plaintiff for reasonable expenses, including attorneys' fees, which may incurred by the moving party and the corporation in connection with the action. California Corporation Law Section 800(d). The imposition of a bond requires an evidentiary hearing. California Corporation Law Section 800(d).

One of the primary purposes of this section is to give corporations security against groundless suits on the part of shareholders. Barber & Lewis v. Kaufman, Inc., 269 P.2d 108, 151 C.A.2d 301 (Cal App. 1954); see also, Kaiser v. Easton, 311 P.2d 108, 151 C.A.2d 307 (Call. App. 1957)(purpose is to provide indemnity for defense expenses).

It is a well-settled principle of law that the California bonding requirements in shareholder derivative actions in diversity jurisdiction cases, such as the instant case, are substantive law and not procedural and so must be applied by this Court. McClure v. Borne Chemical Co., 292 F.2d 824 (3d Cir.), cert denied, 82 S.Ct. 382, 368 U.S. 939 (1961); Koster v. Warren, 297 F.2d 418 (9th Cir. 1961).

Based upon the facts, as set forth in the accompanying Affidavit of Jeffrey Endervelt, there is no reasonable possibility that the prosecution of the cause of action alleged in the complaint against the moving party will benefit the corporation or its shareholders. The complaint relates to two different types of monetary relief, first it attempts to recover for loans or advances made from the corporation to its Director, Jeffrey Endervelt. As a matter of law, loans between corporation and their Directors are not per se prohibited and can be approved by the majority of shareholders. California Corporation Law Section 315. The loans or advances made by the Corporation to Mr. Endervelt were made with the approval of Mrs. Endervelt, the

majority (85%) shareholder of BOC, for whom Mr. Endervelt has power of attorney. The loans and advances have been acknowledge in BOC's audited balance sheets. See Endervelt Affidavit.

Moreover, the loans are just that, in essence, "accounts receivables" or "assets" of the Corporation, BOC. <u>Interest accrues on the loans</u>. See Endervelt Affidavit. Notably, Mr. Endervelt has partially repaid some of the loans or advances out of his salary in 2006. As such, prosecution of these claims related to "loans" which are accruing interest and have been partially repaid seems to be of little benefit to the corporation.

The second type of monetary damages of which Plaintiff seeks the recovery is compensation awarded to Mr. Endervelt for services that he has rendered and continues to render on behalf of the corporation. At the outset, it is a matter of codified statutory law in California that the business judgment of corporate directors is entitled to almost a presumption of validity. California Corporation Law Section 309.

Mr. Endervelt is the former President of Blimpie, International. He devotes approximately five to seven hours per week on BOC's matters. He does almost all of BOC's legal work, including its Uniform Franchise Offering Circular, review all leases for all locations, draft all franchise documents and direct the marketing and operations activities of the staff.

It is obviously in the interest of BOC to allow Mr. Endervelt to devote the necessary time to BOC; without these advances or compensation, it would be difficult for him to do all that he has been doing. Not making the advances or awarding him some compensation would detract from his ability to perform all of the services that he does on behalf of BOC and would harm BOC. Put simply, if Plaintiff is successful in this suit, she would not benefit but she would harm BOC.

4

## CONCLUSION

For the foregoing reasons, and as set forth in the accompanying Affidavit of Jeffrey Endervelt, this Court should order plaintiff to fix a bond in the amount of $50,000 to secure Defendants as to their attorneys' fees and expenses in the defense of this action.

Dated: Scarsdale, New York
       August 1, 2007

Yours, etc.,

_____
Steven T. Sledzik, Esq.
Jones Garneau, LLP
Attorneys for Defendants
670 White Plains Road, Penthouse
Scarsdale, NY 10583
(914) 472-2300
