UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

CYNTHIA GILETTE, Individually and
Derivatively on behalf of nominal defendant
BLIMPIE OF CALIFORNIA, INC.,

                Case Number: 07 CIV 4697 (CLB)

       Plaintiff(s),

vs.                                     Declaration of
                                           Steven T. Sledzik

JEFFREY ENDERVELT, BELLE ENDERVELT
and DORA RICCI,

       Defendants,

BLIMPIE OF CALIFORNIA, INC.,

       Nominal Defendant
---------------------------------------------------------------X

      Steven T. Sledzik, an attorney duly admitted to practice law under the laws of the State of New York, hereby declares under penalties of perjury:

    1.    I am counsel for the Defendants. I make this Declaration in Support of Defendants' Motion for Sanctions against the Plaintiff and her counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure ("FRCP"). I am fully familiar with the facts and circumstances of this matter. I make this Declaration based upon my personal knowledge of the facts contained herein. As to other matters that I alleged upon information and belief, I believe them to be true.

    2.    Attached hereto as Exhibit D is a copy of the Complaint in this matter.

    3.    As alleged in the Complaint, Plaintiff is prosecuting this action against the Defendants on her behalf and derivatively on behalf of the Corporate Defendant, Blimpie of California, Inc. ("BOC"). Among the factual allegations in the Complaint is that Defendant

1

Jeffrey Endervelt breached his fiduciary duties to the Plaintiffs by approving a series of loans from BOC to himself and/or other officers of BOC totaling $1,690,660.00. (Exhibit D, p. 14, ¶¶104, 105)

4.  As set forth and explained in detail in the accompanying affidavit of Defendant, Jeffrey Endervelt, the total amount of loans alleged is based upon an obvious misreading and misinterpretation of BOC's certified annual reports and balance sheets, all of which were provided to Plaintiffs and their counsel. Further, it was evident from my reading of the Complaint that the Plaintiffs had relied on these documents to prepare their pleadings, in that they used all of the same annual numbers from the relevant balance sheets, but that they had improperly aggregated the outstanding loan balances after each year to arrive at a vastly inflated claim. The amount stated on a balance sheet at the end of a fiscal year represents the entire amount due as of that date, it is not a presentation of one year's transactions, but is a compilation of all that is due the Company. As a result of the misuse of the data appearing on BOC's financial statements, the total amount of the loans for the years specified is misrepresented and overstated in the Complaint by an amount in excess of $1.5 million.

5.  On or about August 1, 2007, I sent written correspondence to counsel for the Plaintiffs explaining the error, and requesting that the Complaint be amended to correct this rather significant factual misrepresentation. Included with that correspondence were copies of BOC's financial statements for the years from 2001 through 2006. A copy of my August 1, 2007 correspondence is attached hereto as Exhibit E.

6.  To date, the Plaintiffs and their counsel have declined to amend their Complaint. More than twenty-one (21) days have elapsed since Plaintiffs' counsel was served with written notice to correct the factual allegations of the Complaint or face a motion for sanctions. They have also not

come forth with documentation to support their claims.

7.   As set forth in the accompanying memorandum of law, the imposition of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure is appropriate under the instant circumstances. Plaintiffs can set forth no good faith basis that they will be able to offer evidentiary support for their factual allegation that the Defendants approved, or that Mr. Endervelt received advances from BOC totaling anywhere near the amount of $1,690,660.00 during the period from 2002 through 2006. Simply put, this is not a million dollar case. <u>Based upon the certified financial statements,</u> the maximum amount of money advanced to officers from 2002 to 2006 is $183,735 (the difference of the amount due BOC at the end of 2001, $199,059, and the $382,794, the highest amount the advances to officers figure reached between 2002 and 2006).

8.   For all of the reasons set forth above, we respectfully request that the Court order the imposition of sanctions on the Plaintiff and her counsel pursuant to FRCP Rule 11.

Dated: Scarsdale, New York
       September 20, 2007

_____
Steven T. Sledzik, Esq.