**JONES GARNEAU, LLP**
670 White Plains Road, Penthouse
Scarsdale, New York 10583
Phone (914) 472-2300
Facsimile (914) 472-2312

New York City Office
641 Lexington Avenue, 20th Floor
New York, NY 10022
Phone (212) 759-2500
Facsimile (212) 371-6632

Stephen J. Jones
Steven T. Sledzik*
Gregg P. Garneau
Christian G. Zebicoff
Clifford I. Bass
Marianne Hoffman*
Michael K. Stanton, Esq.*

Marcy Blake
Alexandra Maxwell*

*Also Admitted in
Connecticut

*Of Counsel*
Louis W. Bauman
Adam T. Bradley
John G. Callahan
John J. Lynch
Sarah Thomas Maldonado
Robert Newman
Paul F. Perreten
Deborah A. Scalise
Robert W. Spencer
Deborah H. Wayne*

August 1, 2007

Kevin Fritz, Esq.
Storch Amini & Munves, PC
2 Grand Central Tower
140 E. 45th Street
New York, NY 10017

Re:   Gillette v. Endervelt, 07 Civ. 4697

Dear Mr. Fritz:

    As you are aware, we represent Defendants with respect to the above matter. We are writing in response to the factual allegations in your complaint. Enclosed herewith are the corporate defendant Blimpie of California's ("BOC") annual reports/balance sheets. Copies have been previously provided to you by Defendant Jeffrey Endervelt.

    The reports demonstrate occasional yearly advances made to some of the BOC's directors. However, the reports do not demonstrate advances of the amounts that you have alleged in your complaint. Your complaint patently misreads and misrepresents the balance sheets. Any advance made to a director is reflected in difference from the previous year's figure. For example, for the year 2004, the net figure was $378,795, and the previous year's figure was $335,988; according to the balance the sheet, there was an approximate $42,807 advance during the year 2004 (part of that figure includes an interest calculation on $335,988, the previous year's balance), the difference between the two years. Instead, in your complaint, you <u>aggregate</u> each year's figures, so for the year 2004, you plead that advances equal the total of balance sheets advances for 2003 and 2004.

    We do not believe that you have a good faith basis for having made the factual allegations of the figures set forth in the Complaint. Under FRCP Rule 11, your factual misrepresentations, among other things, are grounds for sanctions. Unless you amend the Complaint to reflect the numbers as reflected by the proper reading of the balance sheets, we will move for sanctions against you.

Please consider this letter your safe harbor notice under Rule 11. If we do not receive an amended complaint in twenty-one days, we will file a motion accordingly.

Very truly yours,

Steven T. Sledzik

sts
Enc.
cc:   Jeffrey Endervelt (w/ enclosures)
      Dora Ricci (w/ enclosures)