UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

CYNTHIA GILETTE, Individually and
Derivatively on behalf of nominal defendant
BLIMPIE OF CALIFORNIA, INC.,

                                  Case Number: 07 CIV
                                  4697 (CLB)

            Plaintiff(s),

vs.

JEFFREY ENDERVELT, BELLE ENDERVELT
and DORA RICCI,

            Defendants,

BLIMPIE OF CALIFORNIA, INC.,

            Nominal Defendant.

----------------------------------------------------------X

## MEMORANDUM OF LAW

## IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS

## PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Jones Garneau, LLP
Attorneys for Defendant
670 White Plains Road, Penthouse
Scarsdale, NY 10583

## STATEMENT OF FACTS

For the sake of brevity, the relevant facts are set forth in the accompanying Affidavit of Jeffrey Endervelt and the Declaration of Steven T. Sledzik, Esq., they will not be repeated herein.

## POINT I

## PLAINTIFFS AND THEIR COUNSEL HAVE NO GOOD FAITH BASIS FOR THE FACTUAL ALLEGATIONS IN THE COMPLAINT IN VIOLATION OF RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to Rule 11(b) of the Federal Rules of Civil Procedure ("FRCP"), by presenting a pleading, motion or other written paper to the Court, an attorney is certifying that, to the best of his or her knowledge and information, formed after reasonable inquiry, the allegations and factual contentions contained therein have evidentiary support or, if specifically identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed.R.Civ.P. 11(b)(3). The purposes behind Rule 11 are, among other things, to deter baseless filings in the Court and to discourage abusive tactics and streamline the litigation process through reducing frivolous claims and defenses. See, Cooter & Gell v. Hartmarx Corp., 496 U.S.384, 110 S. Ct. 2447 (1990).

Sanctions under Rule 11 may be properly imposed where it is clear that reasonable inquiry into the basis for a pleading or factual allegation has not been made. D'Orange v. Feely, 877 F.Supp. 152 (SDNY 1995) (citing, Internat'l Shipping Co. v. Hydra Offshore, Inc., 875 F.2d 388, 390 (2d Cir.), cert. denied, 493 U.S. 1003, 110 S.Ct. 563 (1989)). In assessing a claim for Rule 11 sanctions, the standard is one of "objective unreasonableness." See, Pentagen Technologies Intern. Ltd. v. United States, 172 F. Supp.2d 464 (S.D.N.Y. 2001); Ted Lapidus,

1

S.A. v. Vann, 112 F.3d 91, 96 (2d Cir. 1997) (*quoting* United States v. Intern. Bhd. of Teamsters, 948 F.2d 1338, 1345-46 (2d Circ. 1991))

Generally, where the Court finds that a party, without reasonable inquiry, has made an unsupported factual contention in a pleading or other court submission, the Court may impose sanctions under Rule 11. See Fed.R.Civ.P. 11(c); O'Callaghan v. Sifre, 242 F.R.D. 69 (S.D.N.Y. 2007). Attorneys have an affirmative obligation to conduct reasonable inquiry into the viability of a pleading before filing it with the Court. Gutierrez v. Fox, 141 F.3d 425, 427 (2d Cir. 1998). Additionally, a party also may be sanctioned under Rule 11 as a result of factual allegations that are totally meritless. De Jesus-Keolamphu v. Village of Pelham Manor, 999 F. Supp.2d 556 (S.D.N.Y. 1998); Pentagen Technologies Intern. Ltd. v. United States, 172 F. Supp.2d 464 (S.D.N.Y. 2001)(failure to demonstrate reasonable inquiry before suing certain defendants based upon specific grounds which had absolutely no chance of success under existing precedents); Nyitray v. Johnson, 1998 WL67651 (S.D.N.Y. 1998) (complaint replete with unsupported contentions warranted sanctions).

The instant action is brought, by Plaintiff, both individually and as a shareholder of Blimpie of California, Inc. ("BOC"), a California corporation, against it and others. Plaintiff has named Jeffrey Endervelt and Dora Ricci, two of BOC's Directors, and Belle Endervelt, the sole majority shareholder. Plaintiff is the sole minority shareholder of BOC. The Complaint contains allegations pertaining to a series of loans advanced by BOC to Jeffrey Endervelt over a several year period from 2002 through 2006. Specifically, the Complaint alleges that BOC improperly advanced Mr. Endervelt loans in the total amount of $1,690,660.00 during that period.

Based upon the facts, as set forth in greater detail in the accompanying Affidavit of Jeffrey Endervelt, there is no reasonable possibility that the Plaintiffs will be able to produce

2

evidentiary support for their factual contention that BOC actually advanced loans to Mr. Endervelt approaching that amount. It is evident that the figure of $1,690,660.00 was reached through the improper and erroneous aggregation of outstanding loans to officers as they appeared on BOC's audited and certified financial statements and balance sheets from 2001 through 2006, all of which were provided to the Plaintiff and available to her attorneys. The amounts of the loans or advances alleged to have been made to Mr. Endervelt in each of the years from 2002 to 2006 are also overstated in the Complaint, apparently as a result of aggregating the amounts stated on the balance sheets and financial statements that <u>already</u> represent an aggregation of all prior loans rather than the actual loan amount for a particular year. <u>Based upon the certified financial statements</u>, the maximum amount of money advanced to officers from 2002 to 2006 is $183,735 (the difference of the amount due BOC at the end of 2001, $199,059, and the $382,794, the highest amount the advances to officers figure reached between 2002 and 2006).

The error was brought to the attention of the Plaintiff's counsel in writing more than twenty-one (21) days prior to service of this motion. See Exhibit E to Sledzik Declaration. Plaintiffs have thus far refused to withdraw or amend the factual allegation regarding the total amount of loans advanced to Mr. Endervelt, nor have they produced evidence supporting the facts stated in their Complaint.

Rule 11 contains a "safe harbor" provision that affords an opposing party at least 21 days to voluntarily correct or withdraw a challenged statement after receiving notice of potential grounds for a sanction. <u>See</u>, Fed. R. Civ. P. 11(c)(1)(A); <u>O'Callaghan v. Sifre</u>, 242 F.R.D. 69 (S.D.N.Y. 2007). The sending of such notice by letter has been held to satisfy the safe harbor provision of Rule 11. For instance, in <u>Kingvision v. Thillet</u>, 2005 WL 1785113 (S.D.N.Y. 2005), it was held that a letter from plaintiff's attorney to defendant's attorney requesting the

3

withdrawal of counterclaims because they were "meritless" and that, absent withdrawal, plaintiff intended to file a Rule 11 motion, amply satisfied the plaintiff's obligation to serve the Rule 11 motion twenty one days before filing.

In the instant case, Plaintiff's counsel was served with correspondence on August 1, 2007 notifying him of the significant factual misrepresentations in the Complaint, along with another copy of BOC's audited and certified financial documents and an explanation of the basis for errors. See Exhibit E annexed to Sledzik Declaration. The letter also requested Plaintiff to amend the Complaint to correct the factual misrepresentations regarding the loan amounts, and stated Defendants' intention to move for sanctions if the Complaint was not properly amended. Accordingly, Defendants have satisfied the "safe harbor" provisions of Rule 11.

It is respectfully submitted that any reasonable inquiry by the Plaintiffs and their counsel following receipt of the August 1, 2007 correspondence and the documents annexed thereto would have revealed the glaring lack of a factual basis and evidentiary support for the allegations in the Complaint that BOC made loans or advances to Mr. Endervelt in excess of $1.6 million from 2002 through 2006. Plaintiff's claims regarding the amount of alleged loans or advances are not grounded in fact and are not objectively reasonable. This is not a million dollar case. Accordingly, under these circumstances, by failing to withdraw or amend the Complaint, with its baseless allegations as they pertain to the amount of the loans or advances at issue, Plaintiffs and their counsel are in clear violation of Rule 11.

One of the primary purposes of Rule 11 is to deter the filing of baseless claims. Cooter & Gell v. Hartmarx Corp., 496 U.S.384, 110 S. Ct. 2447 (1990); Pentagen Technologies Intern. Ltd. v. United States, 172 F. Supp.2d 464 (S.D.N.Y. 2001). Fed.R.Civ.P. 11(c) provides for the imposition of sanctions upon a finding that a party has made an unsupported factual contention

in a pleading. *See,* O'Callaghan v. Sifre, 242 F.R.D. 69 (S.D.N.Y. 2007). In this case, the documents that the Plaintiff's relied upon to formulate the factual assertions contained in the Complaint, and generally accepted accounting principles, do not support those assertions. While an initial misreading of the documents by the Plaintiffs or their attorney, resulting in claims based on artificially inflated loan amounts might not warrant sanctions, the same cannot be said regarding their refusal to amend the Complaint or withdraw their claims after their error was made clear to them, and they had ample opportunity to make inquiry.

## CONCLUSION

For the foregoing reasons, and as set forth in the accompanying Affidavit of Jeffrey Endervelt and the Declaration of Steven T. Sledzik, this Court should impose sanctions on the Plaintiff and her counsel pursuant to Fed.R.Civ.P. 11 (c).

Dated: Scarsdale, New York
September 20, 2007

Respectfully submitted,

_____
Steven T. Sledzik, Esq. (STS 8869)
Jones Garneau, LLP
Attorneys for Defendants
670 White Plains Road, Penthouse
Scarsdale, NY 10583
(914) 472-2300