UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CYNTHIA GILETTE, Individually and
Derivatively on behalf of nominal defendant
BLIMPIE OF CALIFORNIA, INC.,

                     Case Number: 07 CIV
                     4697 (CLB)

          Plaintiff(s),

     vs.

JEFFREY ENDERVELT, BELLE ENDERVELT
and DORA RICCI,

          Defendants,

BLIMPIE OF CALIFORNIA, INC.,

          Nominal Defendant.

-----------------------------------------------------------X

# MEMORANDUM OF LAW

# IN OPPOSITION TO PLAINTIFF'S MOTION FOR THE APPOINTMENT OF

# A GUARDIAN AD LITEM UNDER RULE 17 OF THE FEDERAL RULES OF CIVIL

# PROCEDURE

Jones Garneau, LLP
Attorneys for Defendant
670 White Plains Road, Penthouse
Scarsdale, NY 10583

## STATEMENT OF FACTS

Defendant Belle Endervelt is ninety-two years old, of frail health, suffering from some age –related short-term memory loss and cognitive difficulties. According to her treating internist, she is "on the upper end of moderately functioning."

On August 6, 2005, she gave a General Power of Attorney to her son, Jeffrey Endervelt, who is also a defendant in this action. Belle Endervelt has appeared in this action through the undersigned counsel, retained on her behalf by her duly authorized representative.

## POINT I

### PLAINTIFF'S MOTION SHOULD BE DENIED AS BELLE ENDERVELT IS ADEQUATELY REPRESENTED AND HAS NOT BEEN DEMONSTRATED TO BE INCOMPETENT

Plaintiff, the minority shareholder of the corporate defendant, filed a motion under Rule 17(c) for the appointment of a Guardian ad Litem for Defendant Belle Endervelt, the majority shareholder of the corporate defendant. The instant action is a shareholder derivative action based upon claimed breaches in fiduciary duties by Jeffrey Endervelt, Belle's son, the corporate defendant's President and CEO. Plaintiff maintains a Guardian ad Litem should be appointed because of Mr. Endervelt's purported abuses and because of Mrs. Endervelt's health. Plaintiff's motion should be denied because Belle Endervelt is adequately represented by her chosen attorney-in-fact, Jeffrey Endervelt, and her counsel, her health limits her but does not render her incompetent, and Plaintiff has presented no more than innuendo and insinuation of abuses by Mr. Endervelt.

1

As a threshold matter, because Belle Endervelt is represented, no Guardian ad Litem should be appointed. Rule 17(c) of the Federal Rules of Civil Procedure ("FRCP"), states in pertinent part:

> Whenever an infant or incompetent person has a representative, such a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent who does not have a duly appointed representative may due by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in the action or shall make other order as it deems proper for the protection of the infant or incompetent.

This rule, however, "has always been viewed as permissive and not mandatory." Manners v. O'Garra, 2001 WL 487431, at p. 2. (S.D.N.Y. 2001). "As a general rule, a federal court cannot appoint a guardian ad litem in an action in which the infant or incompetent already is represented by someone who is considered appropriate under the law of forum state." 6A Wright & Miller Section 1570 (2007)(citing, inter alia, Southern Ohio Sav. Bank & Trust Co. v. Guaranty Trust Co. of New York, 27 F.Supp. 485, 489 (S.D.N.Y. 1939)).

It is undisputed that Defendant Belle Endervelt has an attorney in fact, by virtue of her signing a General Power of Attorney naming her son, Jeffrey Endervelt, as her representative. It is also undisputed that Defendant Belle Endervelt has appeared and been represented in this action by Jones Garneau, LLP. See also Manners, supra, at p. 2. (representation by counsel in litigation can be sufficient to protect alleged incompetent's interests).

The Second Circuit has recognized that a litigant possesses liberty interests in avoiding the stigma of being found incompetent. Neilson v. Colgate-Palmolive Co., 199

2

F.3d 642 (2d Cir. 1999)(citing Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507 (1971)). When considering the appointment of a Guardian ad Litem, in "seeking to protect a litigant's interests," the Court must also "be mindful of its obligation to avoid any potential waste of judicial resources through the unnecessary appointment of a guardian ad litem."[1] Mandaville v. Wertheimer, 2002 WL 432689 at p. 3 (S.D.N.Y. 2002); Manners, supra, at p. 2; Burke v. Coughlin, 1995 WL 350349 (W.D.N.Y. 1995).

This Court has said that the "appointment of a guardian ad litem or next friend is only appropriate where the litigant is truly unable to represent himself or herself." Mandaville, supra. This standard cannot be met here. In this case, it is beyond credible dispute that defendant Belle Endervelt is able to represent herself through her representative, her son Jeffrey Endervelt, and counsel retained on her behalf by that representative. Moreover, in the context of a Rule 17(c) motion, one district court has permitted a litigant's representative to answer and verify interrogatories on his behalf because of a grant of a power of attorney. Miller v. Holzmann, 238 F.R.D. 111 (D.D.C. 2006).

This Court has applied an "ample evidence" standard in determining incompetence for purpose of an appointment of a guardian ad litem under FRCP Rule 17(c). Blatch v. Franco, 1998 WL 265132, at p. 9 (S.D.N.Y. 1998). Based upon the instant record, Defendant Belle Endervelt is a ninety-two year old woman with age related physical limitations (osteoporosis, arthritis, syncope) who has been diagnosed by an internist and endocrinologist as suffering from age related cognitive impairment, and

---

[1] As noted in Neilson, supra, at p. 651-52, there are pre-appointment hearings, reports, and post-appointment monitoring related to an appointment of a Guardian ad Litem that would consume judicial resources. Additionally, any Guardian ad Litem appointed would be entitled to a reasonable fee for his or her services, 6A Wright & Miller Section 1570, n. 20 (2007), adding to the costs of already costly litigation for the individual and corporate parties.

3

short-term memory loss. (See Blum Affidavit, Exhibit E to Plaintiff's Declaration) She is prescribed and takes a variety of medications essential to her health that also have the side effects of drowsiness, somnolence, and fatigue. Dr. Blum, her internist, noted she had short-term memory loss as to "the date, the day of the week, the season of the year, and the State, the County and the building in which she was." That being said, however, he said that she "was on the upper end of moderately functioning." While Belle Endervelt is physically and cognitively limited to participate in a deposition and has some short-term memory problems, there is not "ample evidence" that she is incompetent and should be stigmatized by having a Guardian ad Litem appointed for her.

On August 6, 2005, then ninety-year old Belle Endervelt granted her son, Jeffrey, the general power to act as her attorney, a personal decision made by her. Included in the powers that she granted to Jeffrey were the powers to defend any actions brought against her, engage in and transact any lawful business on her behalf, and engage attorneys on her behalf. As she grew older, Belle Endervelt trusted her son Jeffrey to make these business and personal decisions on her behalf. Plaintiff, a non-family member, minority shareholder, seeks to have this Court over-ride Belle Endervelt's personal and business decision in hopes of benefiting herself.

In support of the motion, Plaintiff makes over-reaching and broad conculosry allegations about Jeffrey Endervelt's abuses of his fiduciaries duties <u>to Blimpie of California</u> (hereinafter "BOC"), the corporate defendant, allegations that are totally unsubstantiated and which are adamantly denied by Mr. Endervelt. In support of the motion, Plaintiff selectively uses Mr. Endervelt's deposition transcript, despite its many statements that undercut her arguments. (See Exhibit F to Fritz Declaration, p. 61 (belief

there may have been a Board meeting to approve loans from BOC to Endervelt); pp. 62, 137 (no advances taken by Endervelt from BOC in last several years); p. 63 (Endervelt has made payments on the advances over time); p. 64-5 (Endervelt worked and works for BOC without or with little or no salary); pp. 66, 132 (Endervelt reports salary and bonus as income on taxes); p. 71-2 (BOC in 2002 with only $31,524 in net income not in financial position to pay dividends); p. 73 (net worth of BOC in 2006 was $140,000); pp. 57, 75, 79, 135 (interest rates applied to advances from BOC to Endervelt and Gillette); p. 82 (no advance taken by Endervelt from BOC in 2004); p. 128-9 (BOC's payment of monies to X2Y1 for use of office and personnel); p. 135 (Endervelt affirms intention and obligation to repay advances from BOC).

Given the seriousness of the stigma and implications of a finding that Belle Endervelt is incompetent, Plaintiff must be held to presenting proof more than mere innuendo and speculation.

## CONCLUSION

For the foregoing reasons, and as set forth herein, this Court should deny Plaintiff's motion for the appointment of a Guardian ad Litem.

Dated: Scarsdale, New York
       January 31, 2008

Respectfully submitted,

Steven T. Sledzik, Esq. (STS 8869)
Jones Garneau, LLP
Attorneys for Defendants
670 White Plains Road, Penthouse
Scarsdale, NY 10583
(914) 472-2300
ssledzik@jonesgarneau.com

5