UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

CYNTHIA GILETTE, Individually and
Derivatively on behalf of nominal defendant
BLIMPIE OF CALIFORNIA, INC.,

                    Plaintiff(s),

vs.

JEFFREY ENDERVELT, BELLE ENDERVELT
and DORA RICCI,

                    Defendants,

BLIMPIE OF CALIFORNIA, INC.,

                  NOMINAL DEFENDANT
---------------------------------------------------------------X

Case Number: 07 CIV 4697 (CLB)

Affidavit of Jeffrey Endervelt

STATE OF NEW YORK      )
                                 ) ss:
COUNTY OF WESTCHESTER  )

Jeffrey Endervelt, being duly sworn, deposes and says:

1. I am a Director and Officer of the Corporate Defendant, Blimpie of California, Inc. ("BOC") I am also the son of my co-defendant Belle Endervelt, for whom Plaintiff seeks to have this Court appoint a Guardian Ad Litem. I make this Affidavit in Opposition to Plaintiff's Motion.

2. My mother is ninety-two years old, presently in frail health, and suffering from, among other things, short-term memory loss. She is the eighty-five per cent shareholder in the BOC; Plaintiff has a fifteen per cent interest in BOC.

3. In a variety of different ways and ventures, I have been involved with businesses alongside my mother Belle Endervelt for the past thirty years. On August 5, 2005, she made me her

1

duly authorized representative by signing a general power of attorney. Plaintiff's motion seeks to overturn and displace this very personal, business decision that my mother intentionally made several years ago for her own reasons and benefit.

4. The facts recited in Plaintiff's memorandum of law ignore many of the fine points of the issues she conclusorily claims demonstrate breaches of fiduciary duties. I deny Plaintiff's baseless and conclusory insinuation that any funds in the Blimpie of California Advertising Cooperative, Inc. ("BCAC"), were used improperly by BOC. These allegations are outside of any claims made in the Complaint. (A copy of the Complaint is annexed hereto as Exhibit A.) While Plaintiff claims advances from BCAC to BOC totaled $340,000 for 2003, the claim ignores generally accepted accounting principles as the financial statement indicates advances of $32,968 were made in 2003. (Once again an intentional misreading of generally accepted accounting principles by Plaintiff as Defendant's pointed out in our original motion for sanctions.) I have not loaned myself hundreds of thousands of dollars over the time period in the complaint and Plaintiff knows this as she has examined the books and records of the Company; I have not declared any advances that I received as income because they were only loans and my accountants told me that I should not report those loans as income. In point of fact, I have paid back all of the advances made to me by the Company related to the time period alleged in the Complaint, and when it was appropriate, according to my accountants, reported the income. As of the present, during the time period alleged in the Complaint, of the parties, only the Plaintiff owes BOC money. None of the bad debts written off by BOC was related to advances made to me. I have reported all the income that I have received as required by the Tax Code. Again, Plaintiff's constant threats to report me to the IRS, threat that have been made on at least four (4) separate occasions, are just another tactic, as is this motion, by the Plaintiff to coerce my mother and I to buy out Plaintiff's shares-which is the essence of what this

2

case is really about. I have repaid all of the outstanding amounts of those advances made to me, and in fact, as of today the Company owes my wife $50,000 and my mother $100,000 for direct loans made by them to the Company. The allegations regarding allegations of fraud related to the "management fees" paid by BOC to X2Y1, Inc., are another instance of Plaintiff's attempt to threaten us and induce us to buy her out. These "management fees" are BOC's normal contribution to a sharing of expenses between the two corporations; expenses for rent, insurance, operating expenses and shared salaries (which do not include any income paid to me). Plaintiff's claimed "facts" are all disputed and bear on the underlying matter, while the issue before the Court is a guardian for my mother who is well represented in this case by Jones and Garneau and myself as her Power of Attorney. This is just another attempt to coerce us to settle this case so that plaintiff receives money, something she would not receive if we were to go to trial in this shareholder's derivative action, assuming Plaintiff was successful, because any money recovered would go to the corporation and that is not what the Plaintiff is really after.

Dated: New Rochelle, New York
January 30, 2008

Jeffrey Endervelt

Sworn to before me this ____
day of January, 2008

Notary Public
WILLIAM H. McKENNA
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02MC6108710
QUALIFIED IN WESTCHESTER COUNTY
COMMISSION EXPIRES APRIL 19, 2008

3