UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CYNTHIA S. GILLETTE, individually and
derivatively on behalf of nominal defendant
BLIMPIE OF CALIFORNIA, INC.,

              Plaintiff,              07 Civ. 4697 (CLB)

    v.

JEFFREY ENDERVELT, BELLE
ENDERVELT and DORA RICCI,

              Defendants,

    and

BLIMPIE OF CALIFORNIA, INC.,

              Nominal Defendant.
----------------------------------------------------------x

## STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL

Plaintiff Cynthia S. Gillette ("Gillette"), individually and derivatively on behalf of nominal defendant Blimpie of California, Inc. ("BOC") (collectively, "Plaintiff"), defendant Jeffrey Endervelt, defendant Belle Endervelt, defendant Dora Ricci (the "Individual Defendants"), and nominal defendant BOC (together with the Individual Defendants, "Defendants" and together with Plaintiff, the "Parties") hereby enter into this Stipulation of Settlement and Order of Dismissal (the "Agreement").

WHEREAS, on June 4, 2007, Plaintiff filed a Complaint against Defendants in the United States District Court for the Southern District of New York (the "Court") alleging breach of fiduciary duties, abuse of control, and gross mismanagement against the Individual Defendants and also alleging unjust enrichment against Jeffrey Endervelt; and

WHEREAS, on August 1, 2007, Defendants filed an Answer denying the allegations in the Complaint;

WHEREAS, on or about December 26, 2007, Plaintiff moved for an order pursuant to Rule 17(c) of the Federal Rules of Civil Procedure requesting the appointment of a guardian ad litem for defendant Belle Endervelt, and, by Order dated February 19, 2008, Marianne T. O'Toole was appointed guardian ad litem for defendant Belle Endervelt for this litigation only;

WHEREAS, in order to avoid the costs and risks of litigation, the Parties have determined to resolve the dispute between them upon the terms and conditions set forth in this Agreement; and

WHEREAS, the Parties, counsel and the guardian ad litem on behalf of defendant Belle Endervelt have carefully considered the provisions of this Agreement, and are satisfied that it is fair and reasonable;

NOW, THEREFORE, in consideration of the foregoing and the terms, conditions, agreements, representations, and covenants set forth herein, the Parties agree as follows:

1. **Dismissal of the Action.** This action is hereby dismissed with prejudice and without costs or attorneys fees. It is expressly understood and agreed by the Parties that no party is a prevailing party in this matter and each of the Parties is to bear his/her own costs and attorneys' fees.

2. **Liability**. This Agreement shall not constitute an admission of liability or fault on the part of Defendants or any present or former director, officer, stockholder, or employee of BOC.

3. **Settlement Payment.** On or before thirty (30) business days following the execution of this Agreement and the Agreement being so ordered by the Court, Defendant

2

Jeffrey Endervelt and BOC shall pay the sum of one hundred thousand dollars ($100,000.00) (the "Initial Payment") to Gillette by wire transfer to Storch Amini & Munves PC. Of the Initial Payment, Jeffrey Endervelt shall pay seventy thousand dollars ($70,000) and BOC shall pay thirty thousand dollars ($30,000). Not before January 2, 2009 and not after January 9, 2009, defendant Jeffrey Endervelt shall pay the sum of fifty thousand dollars ($50,000.00) (the "Final Payment" and together with the Initial Payment, the "Settlement Amount") to Gillette in the same manner as the Initial Payment.

    4. **Default.** In the event that defendants Jeffrey Endervelt and/or BOC fail to make either the Initial Payment or Final Payment pursuant to this Agreement, Defendants agree to the entry of judgment against them in the Settlement Amount less any payment actually made in accordance with the terms of the settlement, together with 11.5% interest from the date of default and any costs to Gillette arising out of such default (including but not limited to proceedings to enforce compliance with the terms of this Agreement and attorneys' fees), and that Gillette shall have execution thereof.

    5. **Notice of Default.** Before declaring Defendants in default of any of the provisions herein, Gillette shall first afford Defendants notice of such default in writing and shall afford them five (5) days from the date of delivery of such notice to cure the default. Notice shall be given via facsimile, email, or overnight courier to: (1) Jeffrey Endervelt, Blimpie of California, Inc., 145 Huguenot Street, Suite 410, New Rochelle, New York, 10801; (2) Steven Sledzik, Esq., Jones Garneau, LLP, 670 White Plains Road, Penthouse, Scarsdale, New York 10583; and (3) Marianne T. O'Toole, Esq., as guardian ad litem for Belle Endervelt, Marianne T. O'Toole, LLC, 20 Valley Road, Suite 1, Katonah, New York, 10536.

6. **Transfer of Shares.** As part of this Agreement, Gillette will transfer to Jeffrey Endervelt, or his designee, her 150 shares of BOC and her 500 shares of X2Y1, Inc. ("X2Y1"). Gillette represents and warrants that, based upon the books and records of BOC and X2Y1, she is the record holder of such shares and further represents and warrants that she has the authority to transfer such shares. Gillette agrees to take all necessary action to effectuate such transfer, including but not limited to physically turning over the shares of stock to Steven Sledzik, Esq., counsel for Jeffrey Endervelt and hereby authorizes the appropriate representatives of BOC and X2Y1 to cancel any and all shares in her name on the books and records of the respective corporations and issue her shares of the companies to Jeffrey Endervelt and/or his designee (other than Belle Endervelt). Gillette expressly represents, warrants, and acknowledges that she is transferring any and all of her shares and any and all interest she may have in BOC and X2Y1 and that she owns no other shares or interest in BOC and X2Y1, directly or indirectly.

7. **Release.** Effective upon full payment of the Settlement Amount and the Agreement being so ordered by the Court, and except as to any obligations created by this Agreement, the Parties and their respective representatives, predecessors, successors and assigns, hereby release, waive, disclaim and discharge each other and each of their representatives, predecessors, successors, assigns, affiliates, parents and/or subsidiaries, and the officers, directors, agents, attorneys and representatives of any of the foregoing, from any and all claims and/or interests, counterclaims, actions, causes of action, lawsuits, proceedings, adjustments, offsets, contracts, obligations, liabilities, controversies, costs, expenses, attorneys' fees and losses whatsoever, whether in law, in admiralty, in bankruptcy, or in equity, and whether based on any federal law, state law, foreign law, including, but not limited to, any common law right of action or otherwise, foreseen or unforeseen, matured or unmatured, known or unknown, accrued or not

accrued based upon wrongful or other acts, omissions, conduct or other matters that were asserted, or could have been asserted, in the Complaint or that arise out of or relate to Gillette's employment with, and/or stock ownership in, BOC or X2Y1.

8. **No Admissions Against Interest.** Neither the terms nor statements contained in this Agreement, or any correspondence or documents related to the negotiation, drafting or approval of this Agreement, shall be argued to be or deemed to be admissions against the interest of any party hereto in any pending litigation by and between any of the Parties or by third-parties in any other proceedings. The Parties agree and acknowledge that this Agreement is a compromise of disputes, and none of them admit any liability, wrongdoing or responsibility on their respective parts.

9. **Authority.** Each undersigned party represents that such party has full authority to enter into this Agreement.

10. **Drafting.** In construing this Agreement and in determining the rights of the Parties hereto, no party shall be deemed to have solely drafted or created this Agreement.

11. **Entire Agreement.** This Agreement constitutes the entire agreement of the Parties regarding the subject matter of this Agreement. All prior or contemporaneous understandings, oral representations or agreements made among the Parties with respect to the subject matter herein are merged and contained in this Agreement. There are no other agreements, express or implied, between the Parties regarding the subject matter of this Agreement.

12. **Counterparts and Facsimiles.** This Agreement may be executed by facsimile, and in any number of counterparts, each of which shall be deemed to be an original, and all of which shall together constitute one and the same instrument.

5

13. **Modification.** This Agreement can only be modified by a writing signed by the Parties.

14. **Governing Law and Retention of Jurisdiction.** This Agreement shall be governed by and construed in accordance with the laws of the State of New York, exclusive of its choice of law provisions thereof. Furthermore, the Parties agree that this Court shall retain exclusive jurisdiction over all matters relating to this Agreement, including but not limited to any dispute arising out of or in connection with this Agreement and/or the breach, termination or validity of the Agreement.

15. **Headings.** Section and paragraph headings contained in this Agreement are inserted for convenience of reference only, shall not be deemed to be a part of the Agreement, and shall not define or affect the meaning, construction, or scope of any of the provisions of this Agreement.

16. **Severability.** The provisions of this Agreement shall, where possible, be interpreted in a manner necessary to sustain their legality and enforceability. In the event a court of competent jurisdiction determines or deems a provision of this Agreement void or unenforceable, the remainder of this Agreement shall remain effective and fully enforceable.

Dated: April 25, 2008

**Storch Amini & Munves PC**
Attorneys for Plaintiff

By: _____
Kevin Fritz (KF 6788)
Two Grand Central Tower
140 East 45th Street
New York, NY 10017
(212) 490-4100

Dated: April 30, 2008

**Jones Garneau LLP**
Attorneys for Jeffrey Endervelt, Dora Ricci, and BOC

6

By: _____
Steven T. Sledzik (STS 8869)
670 White Plains Road, Penthouse
Scarsdale, NY 10583
(914) 472-2300

Dated: April 30, 2008

Marianne T. O'Toole, Esq., Guardian Ad Litem for Belle Endervelt for this litigation only

By: _____, As Guardian ad Litem
Marianne T. O'Toole (MTO 0385)
Marianne T. O'Toole, LLC
20 Valley Road, Suite One
Katonah, NY 10536
(914) 232-1511

SO ORDERED:

_____
United States District Judge

Dated:
MAY 6, 2008